IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>VIRGIL HALL,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION IN LIMINE<br><br><br><br>Case No. 2:10-CR-1109 TS |

The government moves to establish the admissibility of Defendant's prior convictions on two bases: as 404(b) testimony and to show the context for the traffic stop. The government concedes that the convictions are not admissible under Fed. R. Evid. 609 for the purposes of challenging credibility.

Defendant argues that the criminal convictions are not relevant because they are so dissimilar to the charged offense, and would be highly prejudicial. Defendant also argues that, insofar as the convictions are relevant to the traffic stop, they are merely undisputed background and should be explained generally without specific reference to the convictions.

The three convictions at issue are for possession of cocaine base in Missouri in 2000. The sentences on those convictions was concurrent. The charge in the present case is possession with intent to distribute cocaine. Defendant argues that his prior convictions are not relevant because they do not share similarity and also argues that their admission would be highly prejudicial.

Fed. R. Evid. 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The Tenth Circuit has explained:

We consider a four-factor test when determining the admissibility of evidence under Rule 404(b). The test requires that:

(1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed.R.Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.[1]

"Where the uncharged acts show motive, intent, or knowledge, they are admissible 'whether the acts involve previous conduct or conduct subsequent to the charged offense, as long as the uncharged acts are similar to the charged crime and sufficiently close in

---

[1] *United States v. Davis,* 636 F.3d 1281, 1297 (10th Cir. 2011) (quoting *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000) (additional citations omitted)).

2

time."² As explained in *United States v. Mares*:

> We have identified a number of non-exclusive factors in assessing similarity: (1) whether the acts occurred closely in time; (2) geographical proximity; (3) whether the charged offense and the other acts share similar physical elements; and (4) whether the charged offense and the other acts are part of a common scheme.³

In the present case, the government seeks to admit the prior convictions to show that because of Defendant's prior involvement in the drug culture he had a greater "opportunity" to possess cocaine than would an ordinary person, knowledge about cocaine that would show absence of mistake, and motive. The government also argues that it would be unfair for the Defendant to highlight a drug-related criminal history of his co-defendant while implying that he does not have such a criminal history. The government also argues that the convictions remain relevant despite the fact that they were from 2000, because Defendant spent much of the intervening time incarcerated.

In support of its position, the government relies on *United States v. Cherry*,⁴ where the Tenth Circuit found that a defendant's prior conviction for knowing distribution of crack cocaine was relevant to that defendant's possession with intent to distribute crack cocaine where intent was the only element at issue at trial.⁵ The Tenth Circuit held that "evidence of past crimes is admissible to establish specific intent, including intent to distribute in a

---

²*United States v. Mares*, 441 F.3d 1152, 1157 (10th Cir. 2006) (quoting *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000)).

³*Id.* at 1158.

⁴433 F.3d 698 (10th Cir. 2005).

⁵*Id.* at 701-02.

3

drug trafficking offense"[6] but also acknowledged "there is sometimes a fine line between what constitutes forbidden propensity evidence and what constitutes legitimate evidence of intent and that the permissible use of prior convictions to prove intent might have 'the potential impermissible side effect of allowing the jury to infer criminal propensity.'"[7] In *Cherry*, the court cited it prior ruling in *United States v. Ramirez*,[8] affirming the trial court's admission under Rule 404(b) of an agent's testimony that one year before the charged offense, the defendant had a prior arrest for possession with intent to distribute as relevant to showing intent regarding the charged offenses of possession with intent to distribute and possession with intent to distribute.[9] However, in *Ramirez*, the prior arrest was coupled with information that, at the time of that prior arrest a year before the charged offense, defendant was found in possession of a large amount of cocaine and a very large sum of cash.[10]

The government argues that because possession is an element of the offense of possession with intent to distribute, that the prior possession offenses are relevant to show intent to possess in the present case.

---

[6]*Id*. at 701.

[7]*Id*. at 701 n.2 (quoting *United States v. Macedo*, 371 F.3d 957, 966 (7th Cir. 2004)).

[8]63 F.3d 937, 942 (10th Cir. 1995).

[9]*Id*. at 942-43.

[10]*Id.* at 941.

In *United States v. Edwards*,[11] the Tenth Circuit held that the conduct in a prior conviction involving a personal-use amount of cocaine was not sufficiently factually similar to support admission as corroborative purposes when he was charged with intent to distribute cocaine base, cocaine, marijuana and ecstasy.[12]

In the present case, while there is some relevance of the convictions for familiarity with the drug and drug culture, mistake does not appear to be at issue. The Court finds that this is a close case but that the evidence should not be admitted. The convictions from 2000 are separated from the charged conduct in November 2010 by a period of over ten years. However, the import of the lack of temporal proximity is, as argued by the government, somewhat offset by the fact that the defendant spent part of that time incarcerated. Defendant is correct that there is no geographical proximity.

As in *United States v. Becker*,[13] the Court cannot conduct "a comparison of the other elements because the record only contains bare evidence of [Defendant's] plea of guilty to both charges without any indication as to the underlying factual circumstances."[14] Other than the fact that the prior convictions and the present charges involve cocaine there appear to be no common physical elements. In fact, the form of the cocaine (cocaine

---

[11]540 F.3d 1156 (10th Cir. 2008).

[12]*Id.* at 1163 (holding that a lack of mistake was not at issue where the "defendant never asserted that he was unaware of the nature of the substances at issue but simply argued that he was not personally involved in the distribution or possession for distribution of these substances").

[13]230 F.3d 1224 (10th Cir. 2000).

[14]*Id*. at 1233.

5

powder vs. cocaine base) differs substantially. Neither does there appear to be a common scheme between the prior acts and the acts alleged in the present case.

The Court finds that there is insufficient factual similarity between the prior convictions and the present offenses for them to be omitted for purposes of corroboration because the prior convictions do not involve intent to distribute or the alleged transportation of drugs, or the transportation of drugs for alleged distribution in the manner as is alleged in the present case.

The Court finds that the probative value of the three convictions to be substantially outweighed by the prejudicial effect of the convictions. In light of the fact that there were three prior convictions that involved possession of the same drug, the jury would be likely to infer propensity to engage in drug-related offenses. Because the probative value is substantially outweighed by its potential for unfair prejudice, the Court finds that a limiting instruction would not cure such prejudice.

The government also argues that the convictions are integral to the arresting officer's testimony regarding the basis of the traffic stop. Defendant argues that he has not challenged the traffic stop and, therefore, the fact of the officer's knowledge of the convictions is not relevant.[15] Further, to the extent that such testimony is relevant background, Defendant argues that it can be conveyed with a statement such as the following: the officer "received information from dispatch regarding both persons in the

---

[15]Defendant withdrew his Motion to Suppress challenging the traffic stop.

6

vehicle which caused concern and further need for investigation."[16]

Because the Court has found that the probative value of the convictions is substantially outweighed by the potential for unfair prejudice, the Court agrees with Defendant. The officer shall not reference the actual convictions or their nature but may reference in his testimony that he received information from dispatch.

In making its ruling today, the Court has also considered the government's Cautionary Notice of 404(b) Evidence (Cautionary Notice). In that Cautionary Notice, the government alleges that the charged offense is part of a year-long course of drug-dealing conduct between Defendant and the co-defendant. As such, the government argues that such information about the interactions between the two men is not 404(b) conduct but is intricately intertwined with the offense because it forms a natural part of the witnesses account.[17]

The Court finds that the government's proffer does appear to show that the testimony proffered in the Cautionary Notice is evidence that is inextricably intertwined because it forms an integral and natural part of that witness' proffered account of the circumstances surrounding the alleged offense in the present case. As such, it would not be 404(b) evidence. Further, even if it were, under the standards set forth above, it

---

[16] Docket No. 79, at 8.

[17] See United States v. Johnson, 42 F.3d 1312, 1316 (10th Cir. 1994) (holding that Rule 404(b) only applies to evidence of acts extrinsic to the claims and that evidence is 'inextricably intertwined if it formed an integral and natural part of the witness' accounts of the circumstances surrounding the offense[] for which the defendant was indicted) (alterations omitted).

7

appears that it would meet the substantially similar standard to qualify for admission for corroboration purposes under 404(b). At the final pretrial conference, the Court noted that there had been no response to the government's Cautionary Notice, and there had been no motion in limine seeking to exclude such evidence. Defendant's counsel noted that he intended to object to such evidence at the time it is proffered.

The Court finds that because it appears to meet the requirements for admission as either intricately intertwined and, therefore, not Rule 404(b) evidence or to be admissible under 404(b), that Defendant should proffer his specific objections to such anticipated testimony outside of the hearing of the jury. It is therefore

ORDERED that the government's Motion in Limine (Docket No. 70) is DENIED.

DATED   June 7, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge