IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>VIRGIL HALL,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)(4)<br><br>Case No. 2:10-CR-1109 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Virgil Hall's Motion for Relief Under Federal Rule of Civil Procedure 60(b)(4). For the reasons discussed below, the Court finds Defendant's Motion to be an unauthorized second or successive § 2255 petition and that it is not in the interests of justice to transfer the Motion to the Tenth Circuit Court of Appeals. Therefore, the Court will dismiss this matter for lack of jurisdiction.

I.  BACKGROUND

On December 15, 2010, Defendant was charged in a one-count Indictment alleging possession with intent to distribute 500 grams or more of cocaine. Defendant proceeded to trial, and on June 9, 2011, a jury found him guilty. Defendant was sentenced on November 8, 2011, to 120 months in custody and 60 months of supervised release.

Defendant timely appealed.  On appeal, Defendant argued only that this Court erred by admitting inadmissible 404(b) evidence at trial. The Tenth Circuit disagreed and entered judgment affirming this Court's decision on January 25, 2013.

On May 12, 2014, Defendant filed a motion under 28 U.S.C. § 2255.  Defendant asserted several grounds for relief.  Relevant here, Defendant challenged the legitimacy of the Indictment.  The Court denied the § 2255 motion and the Tenth Circuit denied a certificate of appealability.  Defendant now files the instant Motion arguing that the Court lacked jurisdiction because of alleged deficiencies in the Indictment.

## II.  DISCUSSION

The Tenth Circuit has provided the "steps to be followed by district courts in this circuit when they are presented with a Rule 60(b) motion in a habeas or § 2255 case."[1]  The Court must first determine whether the motion is a true Rule 60(b) motion or a second or successive petition.[2]

> If the district court concludes that the motion is a true Rule 60(b) motion, it should rule on it as it would any other Rule 60(b) motion.  If, however, the district court concludes that the motion is actually a second or successive petition, it should refer the matter to [the Tenth Circuit] for authorization . . . .[3]

A Rule 60(b) "motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."[4]

> Conversely, it is a "true" 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.[5]

---

[1] *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006).

[2] *Id.*

[3] *Id.* at 1217.

[4] *Id.* at 1215.

[5] *Id.* at 1215–16 (citation omitted).

Under this analysis, the Court finds that Defendant's Motion is a second or successive petition.  A § 2255 motion is one "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."[6]  Through the instant Motion, Defendant argues that the Court lacked jurisdiction because of alleged defects in the grand jury indictment.  As such, Defendant is asserting a federal basis for relief from his underlying conviction.  However, as stated, Defendant has already brought a § 2255 motion.  Therefore, the Court construes the instant Motion as a second or successive § 2255 motion.[7]

"Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion."[8]  "A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the appropriate court of appeals] has granted the required authorization."[9]  However, before transferring a second or successive motion under

---

[6] 28 U.S.C. § 2255.

[7] The Court recognizes that generally the Court must notify a litigant if it intends to recharacterize the pleading as a § 2255 motion. *See Castro v. United States*, 540 U.S. 375, 383 (2003).  In this case, however, lack of notification of the recharacterization will not prejudice the Defendant because this is his second motion and he has not obtained an order from the Tenth Circuit authorizing the Court to consider the Motion. *See United States v. Martin*, 357 F.3d 1198, 1200 (10th Cir. 2004).  Additionally, since this is Defendant's second § 2255 Motion, the concerns that require notification in the first instance are not at issue. *See United States v. Torres*, 282 F.3d 1241, 1245–46 (10th Cir. 2002).

[8] *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008).

[9] *Id.* at 1251.

§ 2255 to the appropriate court of appeals for authorization, the Court must consider whether it is in the interest of justice to do so.[10]

The Tenth Circuit has delineated factors a court should consider in determining whether it is in the interest of justice to transfer a second or successive § 2255 motion. These factors include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of the filing the court lacked the requisite jurisdiction.[11]

Considering these factors, the Court finds that it is not in the interest of justice to transfer Defendant's Motion. Defendant's claim would be time-barred under 28 U.S.C. § 2255(f). Defendant's claims are not likely to have merit and were previously rejected in his initial § 2255 petition. This demonstrates a lack of good faith on the part of Defendant. Therefore, the Court finds that it is not in the interest of justice to transfer Defendant's Motion.

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Relief Under Federal Rule of Civil Procedure 60(b)(4) (Docket No. 175) is DENIED and DISMISSED FOR LACK OF JURISDICTION.

---

[10] *See* 28 U.S.C. § 1631.

[11] *In re Cline*, 531 F.3d at 1251.

DATED this 24th day of March, 2016.

BY THE COURT:

_____
Ted Stewart
United States District Judge