IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>VIRGIL HALL,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER DISMISSING DEFENDANT'S MOTION TO SET ASIDE JUDGMENT<br><br>Case No. 2:10-CR-1109 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Virgil Hall's Motion to Set Aside Judgment under Federal Rule of Civil Procedure 60(d)(3). For the reasons discussed below, the Court finds Defendant's Motion to be an unauthorized second or successive § 2255 petition and that it is not in the interest of justice to transfer the Motion to the Tenth Circuit Court of Appeals. Therefore, the Court will dismiss this matter for lack of jurisdiction.

I.  BACKGROUND

On December 15, 2010, Defendant was charged in a one-count Indictment alleging possession with intent to distribute 500 grams or more of cocaine. Defendant proceeded to trial, and on June 9, 2011, a jury found him guilty. Defendant was sentenced on November 8, 2011, to 120 months in custody and 60 months of supervised release.

Defendant timely appealed. On appeal, Defendant argued only that this Court erred by admitting inadmissible 404(b) evidence at trial. The Tenth Circuit disagreed and entered judgment affirming this Court's decision on January 25, 2013.

On May 12, 2014, Defendant filed a motion under 28 U.S.C. § 2255. Defendant asserted several grounds for relief. Relevant here, Defendant challenged the legitimacy of the Indictment, arguing that it lacked the requisite signatures by the U.S. Attorney and the foreperson of the grand jury. In response, the United States provided the Court with a copy of the original Indictment to review *in camera*. The Court denied the § 2255 motion and the Tenth Circuit denied a certificate of appealability.

Defendant now files the instant Motion arguing that the judgment must be set aside based on the prosecutor's alleged fraud on the Court. In particular, Defendant argues that the Indictment provided to the Court to review *in camera* differs in several respects from the Indictment that is on file with the Clerk of Court.[1] Defendant argues that providing this Indictment *in camera* prevented him from challenging the Indictment and was done to deceive the Court.

## II. DISCUSSION

Before the Court can reach the merits of Defendant's Motion, the Court must first determine whether the motion is a second or successive § 2255 petition. If the motion is a second or successive petition, the Court lacks jurisdiction to consider it absent authorization from the Court of Appeals.[2]

---

[1] Defendant points to a number of supposed differences between the documents. *See* Docket No. 191, at 4. Importantly, the substance of the documents and the allegations against Defendant remain the same. Further, any differences do not alter the Court's previous decision.

[2] *United States v. Wetzel-Sanders*, 805 F.3d 1266, 1269 (10th Cir. 2015); *see also* 28 U.S.C. § 2255(h).

"A prisoner's post-judgment motion is treated like a second-or-successive § 2255 motion . . . if it asserts or reasserts claims of error in the prisoner's conviction."[3] "[A] motion alleging fraud on the court in a defendant's criminal proceeding must be considered a second-or-successive collateral attack because it asserts or reasserts a challenge to the defendant's underlying conviction."[4] "In contrast, if the motion 'seeks to correct an error in the previously conducted [§ 2255] proceeding itself,' it is not characterized as a successive motion."[5]

Under this analysis, the Court finds that Defendant's Motion is a second or successive petition. Defendant primarily argues that the Court lacked jurisdiction in his underlying criminal case because of alleged defects in the grand jury indictment and that his conviction must be set aside based on those defects. This same claim was raised in his original § 2255 motion. As such, it is an unauthorized second or successive motion because it reasserts a challenge to his underlying conviction. Without authorization from the Tenth Circuit Court of Appeals, the Court lacks jurisdiction to consider this claim.

Defendant also appears to argue that there was a defect in the original § 2255 proceeding. Under the circumstances presented here, the Court finds that this too is a second or successive petition. A motion is not a second or successive habeas petition if it attacks "some defect in the integrity of the federal habeas proceedings" without attacking "the substance of the federal court's resolution of a claim on the merits."[6] "Fraud on the federal habeas court is one example

---

[3] *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013).
[4] *Id.* at 1207.
[5] *Id.* at 1206 (quoting *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006)).
[6] *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

of such a defect."[7] "However, if the fraud on the habeas court includes (or necessarily implies) related fraud on . . . the federal district court that convicted and/or sentenced the movant . . . , then the motion will ordinarily be considered a second or successive petition because any ruling would inextricably challenge the underlying conviction proceeding."[8]

Here, Petitioner's alleged fraud in his § 2255 proceeding "lead[s] inextricably to a merits-based attack on the disposition of [his] prior habeas petition."[9] Defendant argues that the prosecutor engaged in fraudulent conduct during his initial § 2255 proceedings by submitting a copy of the original Indictment to the Court to review *in camera*. Defendant argues this was done to "deceive the court" and to "throw the Judge off the jurisdiction claim" Defendant raised in his original § 2255 motion.[10] This argument necessarily leads to an attack on the merits of the Court's disposition of Defendant's original § 2255 motion, which alleged that the Court lacked jurisdiction based on alleged defects with the Indictment. This argument would also challenge the underlying criminal proceeding. As such, the Court finds that Defendant's Motion is properly construed as a second or successive § 2255.[11]

"Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion."[12] "A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the appropriate court of appeals] has granted

---

[7] *Id.* at 532 n.5.

[8] *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006).

[9] *Id.*

[10] Docket No. 191, at 7, 9.

[11] Even if this claim is not a second or successive petition, it would fail on the merits.

[12] *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008).

4

the required authorization."[13] However, before transferring a second or successive motion under § 2255 to the court of appeals for authorization, the Court must consider whether it is in the interest of justice to do so.[14]

The Tenth Circuit has identified factors a court should consider in determining whether it is in the interest of justice to transfer a second or successive § 2255 motion. These factors include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.[15]

Considering these factors, the Court finds that it is not in the interest of justice to transfer Defendant's Motion. Defendant's claim would likely be time-barred, Defendant's claims do not have merit, and Defendant has demonstrated a lack of good faith based on his repeated frivolous filings. Therefore, the Court finds that it is not in the interest of justice to transfer Defendant's Motion.

## III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Set Aside Judgment (Docket No. 191) is DISMISSED FOR LACK OF JURISDICTION.

---

[13] *Id.* at 1251.

[14] *See* 28 U.S.C. § 1631.

[15] *In re Cline*, 531 F.3d at 1251.

DATED this 22nd day of January, 2018.

BY THE COURT:

_____
Ted Stewart
United States District Judge