IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| UNITED STATES OF AMERICA, Plaintiff, v. VIRGIL HALL, Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR DISCOVERY<br><br>Case No. 2:10-CR-1109 TS<br><br>District Judge Ted Stewart |
|---|---|

This matter is before the Court on Defendant Virgil Hall's Motion for Discovery. For the reasons discussed below, the Court will deny the Motion.

## I. BACKGROUND

On December 15, 2010, Defendant was charged in a one-count Indictment alleging possession with intent to distribute 500 grams or more of cocaine. Defendant proceeded to trial, and on June 9, 2011, a jury found him guilty. Defendant was sentenced on November 8, 2011, to 120 months in custody and 60 months of supervised release.

Defendant timely appealed. The Tenth Circuit affirmed Defendant's conviction on January 25, 2013.

On May 12, 2014, Defendant filed a motion under 28 U.S.C. § 2255. The Court denied the § 2255 motion and the Tenth Circuit denied a certificate of appealability.

On March 11, 2016, Defendant filed a motion seeking to modify his sentence. The Court construed this motion as a second or successive § 2255 and dismissed it for lack of jurisdiction. The Tenth Circuit denied a certificate of appealability.

Defendant then filed a motion arguing that the judgment must be set aside based on the prosecutor's alleged fraud on the Court. The Court again found that Defendant's motion constituted a second or successive § 2255 petition and dismissed that motion for lack of jurisdiction.

Defendant has now filed the instant Motion wherein he requests the United States produce a number of documents, including grand jury testimony, documents attesting to the chain of custody of the drugs that were seized, and all "books, papers, photographs, or tangible objects . . . within the possession, custody or control of the Government."[1]

## II.  DISCUSSION

Defendant's Motion relies on Federal Rule of Criminal Procedure 16(a). This rule requires the United States to turn over certain items the government intends to use at trial. Here, Defendant's trial occurred years ago and his conviction has long since become final. Defendant has failed to provide any explanation as to why he is entitled to these items. Moreover, some of the items Defendant requests, such as the disclosure of grand jury testimony, are not governed by Rule 16's disclosure requirements[2] and Defendant has failed to address the requirements of these other rules. Therefore, the Court declines Defendant's request under Rule 16.

Defendant also relies on the government's disclosure obligations under *Brady v. Maryland*.[3] However, there is no evidence that a *Brady* violation has occurred. Instead, Defendant seeks to use *Brady* to engage in a broad fishing expedition. But, as the Supreme

---

[1] Docket No. 194, at 1.

[2] Fed. R. Crim. P. 16(a)(3) ("This rule does not apply to the discovery or inspection of a grand jury's recorded proceedings, except as provided in Rules 6, 12(h), 16(a)(1), and 26.2.").

[3] 373 U.S. 83 (1963).

Court has explained "[t]here is no general constitutional right to discovery in a criminal case, and *Brady* did not create one."[4]  Defendant's mere speculation that the government files may contain some *Brady* material is insufficient to grant his extremely broad discovery request.[5]

III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Discovery (Docket No. 194) is DENIED.

DATED this 12th day of March, 2018.

BY THE COURT:

Ted Stewart
United States District Judge

---

[4] *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977).

[5] *See United States v. Quinn*, 123 F.3d 1415, 1422 (11th Cir. 1997); *United States v. Andrus*, 775 F.2d 825, 843 (7th Cir. 1985).