IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>VIRGIL HALL,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING DEFENDANT'S MOTIONS FOR RETURN OF PROPERTY<br><br>Case No. 2:10-CR-1109 TS<br><br>District Judge Ted Stewart |
|---|---|

This matter is before the Court on Defendant Virgil Hall's Motions for Return of Property. For the reasons discussed below, the Court will deny and dismiss the Motions for lack of subject matter jurisdiction.

Defendant's Motions seek the return of certain personal property allegedly seized from him at the time of his arrest. Alternatively, Defendant appears to request the cash equivalent of the seized property.[1]

Federal Rule of Criminal Procedure 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." After the conclusion of criminal proceedings, "the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property."[2] However, "to the extent the government is no longer in possession of the property and [the defendant] seeks monetary relief,

---

[1] *See* Docket No. 193 (listing the value of the seized property).

[2] *United States v. Clymore*, 245 F.3d 1195, 1201 (10th Cir. 2001) (quoting *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999)).

1

sovereign immunity bars his claim."[3]  In that case, the court may dismiss a Defendant's "Rule 41(g) motion for a lack of subject matter jurisdiction."[4]

In response to Defendant's Motion, the government states that it returned a computer that was seized and destroyed the remaining seized items.  Thus, the government cannot return property that it can no longer possess.  Further, to the extent that Defendant seeks monetary relief, that request is barred by sovereign immunity.

It is therefore

ORDERED that Defendant's Motions for Return of Property (Docket Nos. 193 and 201) are DENIED and DISMISSED FOR LACK OF JURISDICTION.

DATED this 5th day of June, 2018.

BY THE COURT:

Ted Stewart
United States District Judge

---

[3] *Clymore v. United States*, 415 F.3d 1113, 1120 (10th Cir. 2005) ("Should the district court determine on remand that the government is no longer in possession of the property, it should vacate its prior order granting the United States summary judgment and dismiss Clymore's Rule 41 for lack of subject matter jurisdiction.").

[4] *United States v. Soto-Diarte*, 370 F. App'x 886, 888 (10th Cir. 2010).