IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>VIRGIL HALL,<br><br>　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DISMISSING DEFENDANT'S INDEPENDENT ACTION TO SET ASIDE A JUDGMENT<br><br>Case No. 2:10-CR-1109 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Virgil Hall's Independent Action to Set Aside a Judgment under Federal Rule of Civil Procedure 60(d)(3). For the reasons discussed below, the Court finds Defendant's Motion to be an unauthorized second or successive § 2255 petition and that it is not in the interest of justice to transfer the Motion to the Tenth Circuit Court of Appeals. Therefore, the Court will dismiss this matter for lack of jurisdiction.

I.  BACKGROUND

On December 15, 2010, Defendant was charged in a one-count Indictment alleging possession with intent to distribute 500 grams or more of cocaine. Defendant proceeded to trial, and on June 9, 2011, a jury found him guilty. Defendant was sentenced on November 8, 2011, to 120 months' custody and 60 months' supervised release.

Defendant timely appealed. On appeal, Defendant argued that this Court erred by admitting inadmissible 404(b) evidence at trial. The Tenth Circuit disagreed and entered judgment affirming this Court's decision on January 25, 2013.[1]

---

[1] *United States v. Hall*, 508 F. App'x 776 (10th Cir. 2013).

On May 12, 2014, Defendant filed a motion under 28 U.S.C. § 2255. Defendant asserted several grounds for relief. The Court denied the § 2255 motion and the Tenth Circuit denied a certificate of appealability.[2] Throughout the years Defendant has launched a number of unsuccessful attacks on his judgment.[3] Defendant now files the instant Motion arguing that the judgment must be set aside based on the prosecutor's alleged fraud on the Court.

## II.  DISCUSSION

Before the Court can reach the merits of Defendant's Motion, the Court must first determine whether the motion is a second or successive § 2255 petition. If the motion is a second or successive petition, the Court lacks jurisdiction to consider it absent authorization from the Court of Appeals.[4]

"A prisoner's post-judgment motion is treated like a second-or-successive § 2255 motion . . . if it asserts or reasserts claims of error in the prisoner's conviction."[5] "[A] motion alleging fraud on the court in a defendant's criminal proceeding must be considered a second-or-successive collateral attack because it asserts or reasserts a challenge to the defendant's underlying conviction."[6] "In contrast, if the motion 'seeks to correct an error in the previously conducted [§ 2255] proceeding itself,' it is not characterized as a successive motion."[7] A motion is not a second or successive habeas petition if it attacks "some defect in the integrity of the

---

[2] *United States v. Hall*, 605 F. App'x 766 (10th Cir. 2015).

[3] *United States v. Hall*, 667 F. App'x 298 (10th Cir. 2016); *United States v. Hall*, 737 F. App'x 889 (10th Cir. 2018); *United States v. Hall*, 842 F. App'x 260 (10th Cir. 2021).

[4] *United States v. Wetzel-Sanders*, 805 F.3d 1266, 1269 (10th Cir. 2015); *see also* 28 U.S.C. § 2255(h).

[5] *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013).

[6] *Id.* at 1207.

[7] *Id.* at 1206 (quoting *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006)).

2

federal habeas proceedings" without attacking "the substance of the federal court's resolution of a claim on the merits."[8] "Fraud on the federal habeas court is one example of such a defect."[9]

Defendant alleges that the prosecutor committed fraud on the court in his underlying criminal proceeding. Defendant asserts that the prosecutor indicted him without the use of a grand jury, deprived him of his rights to be present at his arraignment, and arranged for his unlawful detention. Defendant further claims that the prosecutor fabricated evidence against him. All of these claims relate to alleged misconduct in Defendant's underlying criminal proceeding. As such, the Court finds that Defendant's Motion is properly construed as a second or successive § 2255.[10] Defendant attempts to overcome this by asserting that the prosecutor committed fraud on the court in his prior habeas proceedings. However, this claim has already been rejected.[11]

"Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion."[12] "A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the appropriate court of appeals] has granted the required authorization."[13] However, before transferring a second or successive motion under

---

[8] *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

[9] *Id.* at 532 n.5.

[10] Even if this claim is not a second or successive petition, it would fail on the merits.

[11] *Hall*, 737 F. App'x at 893 ("The district court correctly predicted that Mr. Hall's claim would not affect its prior denial of § 2255 relief.").

[12] *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008).

[13] *Id.* at 1251.

§ 2255 to the court of appeals for authorization, the Court must consider whether it is in the interest of justice to do so.[14]

The Tenth Circuit has identified factors a court should consider in determining whether it is in the interest of justice to transfer a second or successive § 2255 motion. These factors include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.[15]

Considering these factors, the Court finds that it is not in the interest of justice to transfer Defendant's Motion. Defendant's claim would be time-barred, Defendant's claims do not have merit, and Defendant has demonstrated a lack of good faith based on his repeated frivolous filings. Therefore, the Court finds that it is not in the interest of justice to transfer Defendant's Motion.

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Independent Action to Set Aside a Judgment (Docket No. 208) is DISMISSED FOR LACK OF JURISDICTION.

DATED this 18th day of October, 2021.

BY THE COURT:

Ted Stewart
United States District Judge

---

[14] *See* 28 U.S.C. § 1631.

[15] *In re Cline*, 531 F.3d at 1251.